IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 17–cv–00052–LTB–KMT

EARLENE F. CORBISHLEY,

    Plaintiff,

v.

PEP BOYS – MANNY, MOE & JACK OF DELAWARE, INC., a Delaware corporation,

    Defendant.

---

# ORDER

---

This matter is before the court on "Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc.'s Motion for Extension of Time to Disclose Accident Reconstruction Experts." (Doc. No. 26 ["Mot."], filed September 20, 2017), to which Plaintiff filed a Response. (Doc. No. 29 ["Resp."], filed September 28, 2017.)

## Background Information

On July 27, 2014, Plaintiff slipped and fell outside in the parking lot of Pep Boys located in Lone Tree, Colorado. (Mot. at 1-2.) Plaintiff originally filed this action seeking damages resulting from said fall in the District Court of Denver County (Doc. No. 4) and Defendants removed the matter to this court on January 6, 2017. (Doc. No. 1.) The deadline for each party to submit affirmative expert reports was September 5, 2017. (Doc. No. 24.) In the current Motion, filed after expiration of the September 5, 2017 deadline, Defendant seeks an extension of time to disclose an accident reconstruction expert.

**Analysis**

"Prior to the expiration of a scheduling order deadline, a party is required to move for extension of time supported by a statement of good cause." *Maddox v. Venezio*, 09–cv–01000–WYD–MEH, 2010 WL 2363555, *1 (D. Colo. June 10, 2010). *See* Fed.R.Civ.P. 16(b)(4). "The 'good cause' standard requires the moving party to show that despite his diligent efforts, he could not have reasonably met the scheduled deadline." *Maddox*, 2010 WL 2363555, at *1 (citing *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)). *See* Advisory Committee Notes to 1983 Amendment to Fed. R. Civ. P. 16(b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension").

"If a party discovers that it needs an extension of time after a deadline has expired, any extension must be supported by a statement of excusable neglect." *Maddox*, 2010 WL 2363555, at *1 (citing Fed. R. Civ. P. 6(b)(1)(B)). To determine whether the neglect is "excusable", the Tenth Circuit has stated:

> [T]he court must take account of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

*Stringfellow v. Brown*, No. 95-7145, 1997 WL 8856, *1 (10th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). "Control over the circumstances of the delay is "the most important single . . . factor . . . in determining whether neglect is excusable." *Stringfellow,* 1997 WL 8856, at *1 (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

As noted, Defendant was required to disclose its affirmative expert witness disclosures no later than September 5, 2017. (Doc. No. 24.) Defendant took Plaintiff's deposition on September 6, 2017. (Mot. at 2.) In the current Motion, Defendant states that prior to Plaintiff's deposition, she had consistently stated that she fell as she stepped off the curb and onto Defendant's parking lot. (*Id.* at 2.) Defendant claims that at her deposition, Plaintiff, for the first time, stated that she did not fall as she stepped off the curb but rather that she fell in a large grease spot after she stepped off the curb. (*Id.*) "As a result, Pep Boys did not realize until September 6, 2017, that – years after the incident – Plaintiff would change her story and testify that she fell **after** she stepped off the curb and took at least two or three steps, and not **as** she stepped off the curb." (*Id.*) (emphasis in original).

In support of their statement that throughout this litigation, Defendant understood Plaintiff to be claiming that she fell as stepped off a curb, they cite to one medical record from Healthone Occupational Medicine and Rehabilitation, dated August 15, 2014, in which the recorder notes under History of Present Illness, "She states that she was stepping off a curb." (Doc. No. 26-1 at 1.) However, in Plaintiff's Response, she notes numerous instances both pre- and post- litigation in which she explicitly stated that she fell on a large grease spot in Defendant's parking lot after stepping off the curb. (Resp. at 1-3.)

In a letter sent to Defendant's counsel prior to the filing of this lawsuit, Plaintiff's counsel stated:

> On July 27, 2014, Earlene F. Corbishley was leaving the Pep Boys store located at 7469 Park Meadows Drive, in Lone Tree, Colorado, when she stepped off the sidewalk onto the parking lot, and slipped and fell on a large grease spot. She broke her fall with both of her hands and wrists and landed on her left knee. A dangerous condition existed in the parking lot of Pep Boys. The area where Ms.

> Corbishley fell was not cleared of a large amount of oil and grease, as the enclosed photographs show.

(Doc. No. 29-2 at 1.) Further, in her Complaint, Plaintiff stated:

> On or about July 27, 2014, Plaintiff, while walking through the parking lot of Pep Boys located at 7469 Park Meadows Drive, in Lone Tree, Colorado, slipped and fell on a large oil and grease spot, injuring herself.

(Doc. No. 4 at 1.) Similarly, in Plaintiff's Initial Rule 26 Disclosures, in the Section entitled, "Listing, Description and Location of Documents, Data, Compilations and Tangible Things," Plaintiff's first item is an Associate Incident Report, dated August 14, 2014. (Doc. No. 29-3 at 12.) A copy of the Incident Report, which appears to have been created by Defendant, was submitted with Plaintiff's Initial Disclosures and therein, Plaintiff was asked to describe what happened and how the injury occurred. (*Id.* at 18.) Plaintiff responded, "[s]tep off the side walk and fell in a pile of oil." (*Id.*) Additionally, Plaintiff's Initial Disclosures also included a witness statement prepared with the Incident Report and dated August 14, 2014, from David Hutchcraft, in which he stated, "We were walking back to our vehicles from the Pep Boys entrance. . . . A few steps into the parking lot I heard a scream behind us. As I turned around, I saw Earlene falling to the ground. She was laying in the huge oil spot in the parking spot." (*Id.* at 12, 19) Finally, Plaintiff's Initial Disclosures included a color photograph of a grease spot in Defendant's parking lot. (*Id.* at 12, 20.)

In light of the numerous instances, including in the Complaint initiating this lawsuit, where Plaintiff explicitly and consistently stated that she fell on a grease spot in Defendant's parking lot, the court finds no excusable neglect for Defendant to rely on a brief statement in a single health record to determine its necessary experts and/or defense of this case. *See Maddox*, 2010 WL 2363555, at *1. Moreover, in considering the relevant factors, the court finds that

while the possibility of prejudice to Plaintiff may be minimal, it is still outweighed by the fact Defendant knew or should have known Plaintiff's allegations in this matter well before and after the lawsuit was filed. *Stringfellow,* 1997 WL 8856, at *1. Additionally, the good faith of Defendant's reliance on a statement in a single medical record rather than the various documents submitted before and after litigation, including its own Incident Report, is highly suspect. *Id.*

Therefore it is

**ORDERED** that "Defendant Pep Boys – Manny, Moe & Jack of Delaware, Inc.'s Motion for Extension of Time to Disclose Accident Reconstruction Experts" (Doc. No. 26) is **DENIED**.

Dated this 4th day of October, 2017.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge