IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 17-cv-00052-LTB-KMT

EARLENE F. CORBISHLEY,

    Plaintiff,

v.

PEP BOYS - MANNY, MOE & JACK OF DELAWARE, INC.,

    Defendant.

_____

ORDER
_____

This case is before me on Walmart Stores, Incorporated's ("Walmart") Motion to Intervene [Doc # 40]. Walmart's motion in unopposed by Plaintiff Earlene F. Corbishley but opposed by Defendant Pep Boys - Manny, Moe & Jack of Delaware, Inc. ("Pep Boys"). After consideration of the motion, all related pleadings, and the case file, I deny Walmart's motion for the reasons set forth below.

### I. Background

This case arises out of a July 27, 2014 fall by Ms. Corbishley in the parking lot of a Pep Boys retail store after she allegedly slipped on a large oil and grease spot. Ms. Corbishley has asserted a single claim for relief against Pep Boys under Colorado's premises liability statute, C.R.S. § 13-21-115. Ms. Corbishley's claim

against Pep Boys was first filed in state court on April 18, 2016 and removed to this court on January 6, 2017. *See* Doc # 1. Discovery was completed in this case in December of 2017, and a 5-day jury trial is scheduled to commence on June 25, 2018. Pep Boys has a pending motion for summary judgment that has been fully briefed by the current parties to the case.

Ms. Corbishley, an employee of Walmart acting within the course and scope of her employment at the time of her fall, submitted a claim for workers' compensation benefits related to this indcident. In March of 2016, Ms. Corbishley's counsel provided notice of her third-party claim against Pep Boys to Walmart's workers' compensation administrator. *See* Doc # 49, Exs. C & D. Walmart's current counsel filed an entry of appearance in Ms. Corbishley's workers' compensation case in October of 2016. *See* Doc # 49, Ex. D. On October 26, 2016, Walmart notified Plaintiff's counsel of its ongoing lien for workers' compensation benefits of approximately $150,000 paid to Ms. Corbishley and requested notice prior to any settlement of Ms. Corbishley's claim against Pep Boys. *Id.*, Ex. H.

On December 16, 2016, Ms. Corbishley's treating physician opined that she reached maximum medical improvement on October 26, 2016. *Id.*, Ex. F. Ms. Corbishley appealed this finding and underwent an independent medical examination with Dr. James Regan, who concluded that Ms. Corbishley was not at maximum medical improvement as of June 20, 2017. Doc #40, p.2. Walmart is currently challenging Dr. Regan's conclusion. *Id.* Based on the current posture of the case then, there is a possibility that Ms. Corbishley may recover additional

workers' compensation benefits.

Walmart filed its motion to intervene pursuant to Fed. R. Civ. P. 24(a) & (b) on January 19, 2018. Walmart's proposed complaint in intervention adds an additional claim for negligence against Pep Boys.

## II. Standard of Review

Fed. R. Civ. P. 24(a) provides that, on timely motion, the court must permit a party to intervene if that party either is given an unconditional right to intervene by a federal statute or claims an interest relating to the subject of the action "and is so situated that disposing of the action may as a practical matter impair or impede the [party's] ability to protect its interest, unless existing parties adequately protect that interest."

Fed. R. Civ. P. 24(b) provides that, on timely motion, a court may permit a party to intervene if that party is either given a conditional right to intervene by a federal statute or has a claim or defense that shares a common question of fact or law with the main action. In exercising its discretion under Rule 24(b), the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

## III. Analysis

Walmart argues that it satisfies the standard for both intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b) because of its interest in recovering workers' compensation benefits paid to Ms. Corbishley. Pep Boys doesn't dispute that Walmart has an interest in recovering these amounts but

3

argues that Walmart's motion is untimely and therefore properly denied under Rule 24(a) & (b). I agree.

"The timeliness of a motion to intervene is assessed in light of all of the circumstances, including the length of time since the applicant knew of its interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.,* 407 F.3d 1091, 1103 (10th Cir. 2005) (*quoting Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1250 (10th Cir. 2001)).

It is clear from the background set forth above that Walmart has known of its interest in this case for well over a year prior to filing its motion to intervene. Although Walmart emphasizes the current posture of Ms. Corbishley's workers' compensation claim, the fact remains that it has known that it had an interest in collecting significant benefits paid or to be paid to Ms. Corbishley for an inordinate amount of time prior to the filing of its motion to intervene.

Moreover, if Walmart is permitted to intervene in this case at this late stage, Pep Boys will undoubtedly be prejudiced. Walmart argues that because it only intends to call one additional witness at trial, any additional discovery necessitated by its entry into the case would be minimal. It is entirely possible, however, that Pep Boys will need to conduct significant additional discovery based both on the testimony that this new witness plans to offer at trial and the fact that all discovery has been conducted to date based on the current posture of the case. In addition, Walmart seeks to add a common law negligence claim which Pep Boys will have to

4

address though this claim appears to be futile. *See Vigil v. Franklin,* 103 P.3d 322, 328 (Colo. 2004) ("...plain language [of premises liability statute] preempts prior common law theories of liability, and establishes the statute as the sole codification of landowner duties in tort.").

Conversely, I am not convinced that there will be any prejudice to Walmart if it is not permitted to intervene in this case. Under Colorado's Workers' Compensation Act, Walmart's subrogation rights extend to all economic and physical impairment damages that Ms. Corbishley recovers from Pep Boys but not to Ms. Corbishley's limited right to recover noneconomic damages such as pain and suffering. C.R.S. § 8-41-203(1)(b)(c) & (d)(I)(A)(B) & (C). *See also* C.R.S. § 13-21-102.5(1)(d)(I)(a) (capping the recovery of noneconomic damages). Based on past disclosures in this case, the bulk of the damages Ms. Corbishley seeks to recover in this case are subject to Walmart's subrogation rights. Furthermore, because of the uncertainty currently surrounding her workers' compensation claim, Ms. Corbishley has every incentive to maximize the total amount of any damages that are awarded against Pep Boys. In the event that Ms. Corbishley seeks to circumvent Walmart's subrogation rights by characterizing any settlement proceeds she received from Pep Boys as noneconomic damages, Walmart would have recourse whether it is a party to this case or not. *See Chavez v. Kelley Trucking, Inc.,* 275 P.3d 7373, 740 (Colo. App. 2011) ("... an employee may not defeat [an employer's] subrogation rights by settling causes of action and agreeing with the defendant to characterize the proceeds as noneconomic damages.").

5

Under the circumstances of this case then, I conclude that Walmart's motion to intervene is untimely, and IT IS THEREFORE ORDERED that Walmart's Motion to Intervene [Doc # 40] is DENIED.

Dated: March 13, 2018 in Denver, Colorado.

BY THE COURT:

　　s/Lewis T. Babcock　　
LEWIS T. BABCOCK, JUDGE